**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-05080-NYW

ANGEL GUILLERMO VARGAS SANTIESTEBAN,

Petitioner,

v.

NATHAN RASPER,[1] in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
JUAN BALTAZAR, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter comes before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents have responded. [Doc. 7]. Petitioner has replied, [Doc. 8], and has filed a Motion to Expedite Consideration of Petition for Writ of Habeas Corpus [Doc. 9].[2] For the reasons set forth in this Order, the Petition is **GRANTED in**

---

[1] Nathan Rasper is automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

[2] While this Court recognizes and understands that Petitioner and his counsel are eager for a ruling on the Petition, this Court respectfully requests that parties refrain from filing such motions that seek nothing more than adjudication of a pending motion. [Doc. 9]. As counsel should appreciate, the judicial officers in this District are not only facing unprecedented numbers of immigration matters, but also of civil actions overall. This Court assures the Petitioner and his counsel that it is working as efficiently as possible. Additional filings such as the Motion to Expedite Consideration of Petition for Writ of Habeas Corpus, [*id.*], are not contemplated by the Federal Rules of Civil Procedure, the Local Rules of Practice – Civil, or this Court's Uniform Practice Standards. Nor are they helpful.

**part.**

## BACKGROUND

Petitioner ("Petitioner" or "Mr. Vargas Santiesteban") is a citizen of Mexico, who entered the United States in 2015, at age 14 years old pursuant to a B-2 visitor visa and remained beyond the authorized period. [Doc 1 at ¶¶ at 3, 31]. He was taken into immigration detention on August 9, 2026, in Colorado Springs, Colorado. [*Id.* ¶¶ at 24, 32]. He was served a Notice to Appear ("NTA") and placed in removal proceedings. [*Id.* at ¶ 33]. Petitioner requested a custody redetermination hearing, submitting a "detailed written brief and approximately 294 pages of supporting materials." [*Id.* at ¶ 35]. The submission "disclosed Petitioner's traffic related criminal history. The Department of Homeland Security's ("DHS") Form "I-213 identified a July 4, 2021 arrest involving under restraint and careless driving, and an August 9, 2026 arrest on a failure-to-appear warrant in the same matter." [*Id.* at ¶ 40]. Petitioner also disclosed "prior failures to arrear and warrant entries," along with "evidence of present efforts to resolve the criminal matters." [*Id.* at ¶ 41].

A hearing was held on September 29, 2026. Petitioner, through counsel, argued that he was neither a danger nor a flight risk. [*Id.* at ¶ 42; Doc. 1-3 at 01:31-01:45]. He discussed his traffic citations, explaining that "they did not get completed and he is currently" working "to correct that mistake." [Doc. 1-3 at 01:45-01:50]. He noted that there was a prior failure to appear in the traffic case, but it had been quashed. [*Id.* at 02:40-02:51]. DHS submitted the Form I-213 and, at the hearing, stated that it had no "danger concerns," but that Petitioner was a flight risk. [*Id.* at 02:59-03:07]. It expressed that Petitioner's asylum application was untimely, it was unclear whether he would be able

to establish extraordinary circumstances to toll the filing deadline, and it was unclear whether Petitioner had family in the United States that would entitle him to relief. [*Id.* at 03:10-03:24].

The immigration judge ("IJ") stated that DHS identified no danger concerns, and "Respondent has established that there is no danger to the community." [*Id.* at 04:48-04:55]. She then explained:

> I do have significant flight risk concerns given that the prior failures to fully comply with everything after the traffic citations, though that's being addressed and there is no current warrant for failure to appear but that did exist and that's relevant to the Court's determination regarding the future likelihood to appear. I'm also concerned regarding the speculative relief available in the removal proceedings given the untimeliness of the fear based application, and while there could potentially be an exception in the removal proceedings merits setting, at this point, my full review of the case, as noted by the Department counsel, I have concerns regarding the likelihood of future relief, which is relative to this Court's decision and the flight risk factors. And so, I, on this record, can't find that any amount of bond would mitigate the flight risk concerns that I have, so I will deny the bond request today

(*Id.* at 04:55-05:58). The IJ's written order stated: "For the reasons stated at the custody redetermination hearing, Respondent is a flight risk and that the risk would not be mitigated by a bond amount or alternates to detention. [Doc. 1-4 at 1].

On October 8, 2026, Petitioner filed the Petition, raising four claims: (1) "Violation of the Fifth Amendment Due Process Clause Failure to Provide a Meaningful and Individualized Custody Determination"; (2) "Violation of the Fifth Amendment Due Process Clause Arbitrary Flight Risk Determination Based on a Legally Incomplete Assessment of Protection"; (3) "Violation of the Fifth Amendment Due Process Clause Unconstitutional Burden Allocation and Risk of Erroneous Deprivation"; and (4) "Violation of the Fifth Amendment Due Process Clause Deficient Oral and Written Decision Denied

Meaningful Review" [*Id.* at ¶¶ 58-112]. For relief, among other things, Petitioner seeks his immediate release and requests that Respondents be enjoined from "re-arresting or re-detaining [him] absent a pre-deprivation hearing before a neutral decisionmaker at which Respondents prove by clear and convincing evidence that physical custody is presently justified by danger or flight risk." [*Id.* at 24].

In their Response, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 7 at 1-2]. They recognize that the Court may then grant the Petition, and note that the appropriate relief would "be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." [*Id.* at 2 (quoting *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

The Court finds Claim Three dispositive. Petitioner argues that his due process rights were violated, and "challenges the ordinary [Board of Immigration Appeals ('BIA')] framework governing his § 1226(a) hearing, which placed on him the burden of establishing that release was warranted," rather than the government. [Doc. 1 at ¶¶ 89-90, 92, 102]. He asserts that the IJ did not expressly identify the standard of proof and that there was "no indication that DHS was required to affirmatively establish the present necessity of detention." [*Id.* at ¶ 93].

Courts determine "the type of process required in a given case" using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018)). Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest affected by the Government action—Petitioner's freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at

the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of placing the burden at the bond hearing on the Government. *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *3 (D. Colo. May 12, 2026).

The second factor also weighs in Mr. Vargas Santiesteban's favor. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States*, 364 U.S. 206, 218 (1960)); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern."). Placing the burden on Petitioner to prove two negatives necessarily puts him "behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara*, 10 F.4th at 31.

Finally, the Court must consider the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens that would result from placing the burden on the Government at Petitioner's § 1226(a) bond hearing. *See* [Doc. 7]. And since the Tenth Circuit has made clear that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)," *Santillan Quiroz v. Mullin*, 180 F.4th

1226, 1237 (10th Cir. 2026), "any additional costs from shifting the burden of proof to the Government seem negligible," *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025); *see also Alfaro Herrera*, 2026 WL 91470, at *11 (recognizing that "it is likely that a government attorney would attend any bond hearing and prepare and marshal evidence of any possible danger or flight risk, regardless of which party bore the burden," and "[r]equiring that the government affirmatively present its position and evidence is unlikely to change that"). This factor weighs in Petitioner's favor.

Upon review of the *Mathews* factors, the Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing.[3] Thus, "bond proceedings require IJs to determine whether the government has met its burden of establishing that 'continued detention is justified by *clear and convincing evidence*.'" *Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *2 (D. Colo. Aug. 6, 2026) (quoting *L.G.*, 744 F. Supp. 3d at 1186). "To prove a fact by clear and convincing evidence

[3] A number of other Courts in this District have reached similar conclusions. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez, J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Kuzmic*, 2026 WL 1291853, at *2 (Chung, M.J.) (holding that "the government bears the burden at such a hearing of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence"); *see also Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up));

is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 16, 2026) (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)).

The record here does not establish that the IJ placed the burden—or any burden—on the government. *See id.* (concluding IJ violated Petitioner's due process rights where there was "no indication . . . that the IJ applied this applicable standard of proof—or even placed any burden on the Government at all"); *id.* at *3 ("[T]he written order does not mention the clear and convincing evidence standard."). Although the IJ did not explicitly mention the applicable burden when discussing flight risk, when discussing danger, the IJ stated, "Respondent has established that there is no danger to the community," explicitly placing the burden on Mr. Vargas Santiesteban. Nothing suggests that the IJ did not do the same when reviewing flight risk. Respondents also do not argue that that the IJ held the government to its burden when making her findings. *See generally* [Doc. 7].

Accordingly, the Court finds that the IJ did not adequately set forth or show that the government bore the burden of proving by clear and convincing evidence that Petitioner was a flight risk, and thus his continued detention amounts to a violation of his constitutional rights. Thus, the Court **GRANTS in part** Petitioner's habeas petition as to Claim Three. Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order Respondents to "release Petitioner from detention." Docket No. 7 at 2. Petitioner also seeks his release from detention. Docket No. 1 at 24. Thus, the Court **GRANTS** Petitioner's request that he be immediately released. Because the

Court has granted Petitioner's requested relief, the Court need not address his other claims.[4]

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2) Respondents **SHALL RELEASE** Petitioner from custody **within 48 hours of the issuance of this Order** with all of his belongings and **WITHOUT** being subject to any conditions beyond any prior conditions of supervision or release. Respondents shall provide Petitioner all necessary identity and travel documents to return to his primary address;

(3) Respondents are **ENJOINED** from re-detaining Petitioner prior to the entry of a final order of removal unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community;

(4) Petitioner's Motion to Expedite Consideration of Petition for Writ of Habeas Corpus [Doc. 9] is **DENIED as moot**; and

(5) On or before **November 24, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released and informing the Court whether further proceedings are required in this case. To the extent that any conditions are placed on Petitioner's release, Respondents **SHALL**

[4] To the extent Petitioner asks the Court to award him attorney's fees and litigation expenses under the Equal Access to Justice Act, [Doc. 1 at 33], this District's Local Rules require that a request for attorney's fees be made by separate motion. See D.C.COLO.LCivR 54.3.

include documents evidencing the legal justification for such conditions, such as a prior order of conditions of release or a transcript of a bond hearing during which the Government carried its burden of establishing by clear and convincing evidence that such release condition was warranted.

DATED: November 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge